

**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

IN RE: HUBERT SHANE GOODE                    Case No. 19-13444

**AGREED ORDER RESOLVING OBJECTION TO CONFIRMATION (DK#12)**

THIS DAY, there came before the Court the Creditor's Objection to Confirmation (DK#12), and the Court having been advised that the parties have reached an agreement, adjudicates as follows in accordance with that agreement:

(1)

That the Court has jurisdiction over the parties and the subject matter, herein.

(2)

On August 26, 2019, Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code.

(3)

That the claim of Bank of Holly Springs (Claim No. 8) filed in the amount of $20,054.86 shall be treated as follows: That Bank of Holly Springs' claim shall be paid in the amount of $6,000.00 plus 6.75% interest in monthly payments to be determined by the Trustee over the life of the debtor's plan.

(4)

That the claim of Bank of Holly Springs (Claim No. 6) filed in the amount of $96,481.95 shall be treated as follows: That Bank of Holly Springs' claim shall be paid direct. That the Debtor shall pay the monthly payment current through November, 2019 no later than 60 days from the date of this Order, and if the Debtor fails to remit said payments, the automatic stay provisions of 11 U. S. C. § 362 shall be lifted automatically and the Creditor shall be allowed to initiate foreclosure against the Debtor's property. Should the automatic stay lift, all communications including but not limited to, notices required by state law, sent by Creditor in connection with proceedings against the property may be sent directly to the Debtor.

(5)

That the claim of Bank of Holly Springs (Claim No. 7) filed in the amount of $29,840.00 shall be treated as follows: That Bank of Holly Springs' claim shall be paid direct. That the Debtor shall pay the monthly payment current through November, 2019 no later than 60 days from the date of this Order, and if the Debtor fails to remit the plan payment, the automatic stay provisions of 11 U. S. C. § 362 shall be lifted automatically and the Creditor shall be allowed to initiate foreclosure against the Debtor's property. Should the automatic stay lift, all communications including but not limited to, notices required by state law, sent by Creditor in connection with proceedings against the property may be sent directly to the Debtor.

(6)

That the Creditor's Objection to Confirmation is hereby granted subject to the provisions herein.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Creditor's Objection to Confirmation, is hereby granted subject to the provisions contained herein.

##ENDOFORDER##

/s/ Bart M. Adams
Attorney for Bank of Holly Springs

/s/ Jeffrey Collier
Attorney for Chapter 13 Trustee

/s/ Karen Schneller
Attorney for Debtor

Submitted by:
Bart M. Adams, Esq. Bar No.:100985
108 E. Jefferson St.
Ripley, MS 38663
(662) 837-9976
bart@akinsadams.com